IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD BOYKINS,<br>   *Plaintiff,* | § § § | |
| v. | § § | C.A. NO. _____ |
| FORWARD AIR SERVICES, LLC,<br>   *Defendants.* | § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Reginald Boykins ("Plaintiff") and files this Original Complaint under Fed. R. Civ. P. 15(a)(2) against his former employer, Forward Air Services, LLC ("Forward Air," or "Defendant").

### I. NATURE OF THE CASE

1. This employment discrimination case is brought by Reginald Boykins, a former employee of Forward Air Services, LLC. Reginald Boykins brings claims of disparate impact and discrimination due to his gender (male) and race (African American), and for complaining about this disparate treatment in violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), the Texas Commission on Human Rights Act ("TCHRA"), and the Equal Pay Act of 1963 ("EPA").

### II. PARTIES

2. Plaintiff Reginald Boykins is an individual, who is a current resident of the State of

Texas and who worked within the jurisdiction of this court during all times relevant to her claims.

3. Defendant Forward Air Services, LLC is a Delaware-based for-profit company that may be served through its registered agent, Cogency Global Inc., located at 1601 Elm St., Suite 4360, Dallas, TX 75201-0000.

### III.   JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

5. Within 300 days of the last discriminatory act complained of, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

6. As such, Plaintiff has exhausted any applicable administrative remedies and on or about August 7, 2024, received the Dismissal and Notice of Right to Sue letters from the EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letters.

7. Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8. Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Forward Air Services, LLC, has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Texas, Houston

Division.

## IV. STATEMENT OF FACTS

9. On or about June 1, 2022, Plaintiff Reginald Boykins, an African American male, started working as an employee for Forward Air Services, LLC at the Forward Air facility currently located in Humble, Texas.

10. Plaintiff was hired under Forward Air as an Operations Manager. During the entirety of his employment with Defendant, Plaintiff was treated differently in comparison to female employees in the same or similar positions as the only African American male at the location in which he worked.

11. First, on or about February 21, 2023, Plaintiff was penalized for allegedly using profanity during a work meeting, although he never used such language, due to a pretextual complaint by a female employee. In fact, Plaintiff's supervisor, Charlie Zubiate (Hispanic, Male), constantly used profanity while at work with no consequences. Moreover, Plaintiff observed various other female employees in similar management positions routinely use profanity with no disciplinary actions being taken against them. If this was not enough, the write-up that was given to Plaintiff incorrectly stated that he was given a verbal warning in October of 2022 for not following company policy regarding profanity, but Plaintiff never received one. Thus, Defendant's actions showed preferential treatment towards women, disparate treatment of Plaintiff as the only African American male in the office, or both. When Plaintiff complained to his manager about the difference in treatment towards female employees as it related to the profanity policy, no investigation was taken, nor was his write-up corrected.

12. Second, Plaintiff complained to his manager about a female coworker, Kellie King,

that constantly harassed and cursed at him. In approximately July of 2023, Ms. King became angry at Plaintiff and began to yell, curse, scream at Plaintiff, following him around the office when he tried to leave the situation and escape her verbal abuse. If this was not enough, Ms. King stated that she was going to physically hurt Plaintiff and would do anything to get him fired from Forward Air.

13. Following the incident with Kellie King, Plaintiff was told that he was not allowed to come up front to the office at all, banned to the back of the office, and was not even allowed to enter the main part of the building to use the restroom. Plaintiff was allegedly denied access to the bathroom based on Defendant's concern in preserving the safety of Ms. King, despite Ms. King was the individual who continually threatened Plaintiff. Moreover, Plaintiff was escorted out of Defendant's premises daily by Kyle Willis, Plaintiff's terminal manager, who is a Caucasian male.  In other words, when Plaintiff was verbally abused by a female employee and even had his safety threatened, Defendant took the female's side and implemented many adverse employment actions against Plaintiff (i.e., treatment like a criminal with daily escorts, banishment from the office, and restricted use of the restroom facilities).

14. Third, in approximately the end of July in 2023, Plaintiff was called into Charlie Zubiate's office with Kyle Willis present. During this meeting, Mr. Zubiate suspiciously and intentionally turned up the radio so that Plaintiff was unable to record their conversation. Plaintiff was told by Mr. Zubiate that Mr. Willis would be conducting the investigation regarding the incident with Ms. King, although Plaintiff insisted that this situation was an issue for the Human Resources Department. During this meeting, Plaintiff told Mr. Zubiate and Mr. Willis that Ms. King was constantly harassing and threatening

him and would not accept his apology, and that she was the aggressor in the situation. Nonetheless, Plaintiff was permanently relocated to the back part of the office and was no longer allowed to work in the front, resulting in Plaintiff being the only African American male in a management position at Forward Air that was not allowed to work in the front part of the office. If this was not enough, Plaintiff's new permanent relocation denied him prompt access to a bathroom.

15. Fifth, Plaintiff was continually harassed by Ms. King from approximately August 2023 to September 2023. Ms. King would intentionally wait outside of her office for Plaintiff to walk down the hallway daily to harass him. In fact, Ms. King went so far as to watch for Plaintiff to leave his office and would subsequently walk down the hall to force Plaintiff to walk the other way or wait on the dock for his safety and job security. The management at Forward Air did nothing to address Kellie King's harassing and aggressive behavior towards Plaintiff during this time despite the office cameras catching King's aggressive actions.

16. In addition, Mr. Willis told Plaintiff that Charlie Zubiate did not like Plaintiff and that he was looking for any reason to fire him. Plaintiff believed this dislike was not any mere personality conflict but directly related to King along with Plaintiff's race and gender.

17. Notably, Plaintiff received no complaints about his quality of work while employed with Defendant, so the only reason for Mr. Zubiate's animosity towards Plaintiff was because Plaintiff was the only African American male in the workplace who threatened to file a formal complaint about Ms. King's harassment towards him to Forward Air's Human Resources Department.

18. Thus, the gender and race discrimination that Plaintiff faced at Forward Air because

of his manager and coworker was so consistent, pervasive, and terrible that Plaintiff was subjected to a hostile work environment.

19. Seventh, Plaintiff was noticeably never approached by any individual that worked within Defendant's Human Resources department regarding the alleged investigation into the incident with Ms. King. In fact, Plaintiff was never asked further questions about the harassment and threats he received from Ms. King by either of his managers. Despite being the victim in this situation, Plaintiff was nonetheless written up for the incident on July 25, 2023.

20. Finally, on or about October 18, 2023, Plaintiff was pulled into Kyle Willis's office in which Plaintiff spoke with someone from Human Resources on the phone. During this conversation, Plaintiff was told he was being terminated for allegedly leaving a crate on the dock at Forward Air, although Plaintiff was not the only employee working on the dock or responsible for the crate. Despite this, Plaintiff was the only person terminated.

21. It is clear that Plaintiff's complaints about the harassment he was subjected to by a coworker and the disparate treatment that Plaintiff experienced based on his race and gender were the reasons he was wrongfully terminated from his employment at Forward Air on or about October 18, 2023.

22. As a result of this discrimination and retaliation, Plaintiff has accrued actual damages.

## V.   CAUSES OF ACTION

A.   COUNT NO. 1: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (GENDER)

23. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

24. Plaintiff is a member of at least one protected class under Title VII of the Civil Rights Act (he is a male).

25. Plaintiff suffered the following adverse employment actions because of his gender: 1) consistent and pervasive harassment based on his gender that resulted in a hostile work environment; 2) denial of basic work necessities such as access to a bathroom; and 3) termination.

26. Plaintiff was qualified for his position with Defendant, performed well, and had no negative performance evaluations. Despite this, due to his gender, Plaintiff was treated differently (and terribly), consistently harassed by a coworker and manager of Forward Air, and ultimately terminated due to his gender.

B. COUNT NO. 2: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (RACE)

27. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

28. Plaintiff is a member of at least one protected class under Title VII of the Civil Rights Act (he is an African American male).

29. Plaintiff suffered the following adverse employment actions because of his race: 1) consistent and pervasive harassment based on his race that resulted in a hostile work environment; 2) denial of basic work necessities such as access to a bathroom; and 3) termination.

30. Plaintiff was qualified for his position with Defendant, performed well, and had no negative performance evaluations. Despite this, due to his race, Plaintiff was treated differently (and terribly), consistently harassed by a coworker and manager of Forward Air, and ultimately terminated due to his race.

C.     COUNT NO. 3: DISPARATE TREATMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

31.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

32.     Plaintiff is a member of at least one protected class under Title VII of the Civil Rights Act of 1964 (he is an African American male). Plaintiff's manager at Forward Air intentionally excluded Plaintiff from employment opportunities on the basis of his race and gender.

33.     When Plaintiff complained of the daily harassment he experienced while employed at Forward Air, Plaintiff was relocated to the back part of the office. No races other than African American, nor any female employees, were fired or treated badly by Plaintiff's manager throughout the duration of Plaintiff's employment.

34.     The presence of a discriminatory motive by Plaintiff's manager can be inferred from the fact that there were differences in employment opportunities for African American individuals in comparison to other races at Forward Air. *See International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977).

D.     COUNT NO. 4: DISCRIMINATION UNDER TEXAS LAW

35.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

36.     As an African American male, Plaintiff is a member of one or more protected classes (race and sex) under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). An employer commits unlawful practices under the statute if, because of an employee being a part of a protected class, they (1) discharge an employee or discriminate against an employee in any manner in connection with pay or any terms, conditions or privileges of the

individual's employment; or (2) limit, segregates, or classify an employee or applicant for employment in a manner that deprives the employee of any employment opportunities or adversely affect the status of the employee in any way. *See*, Chapter 21, Sec. 21.051 of the Texas Labor Code.

37. Plaintiff, an African American male, was discriminated against, suffered mistreatment, was subjected to a hostile work environment, was subjected to segregation within the workplace, and ultimately terminated due to his race and/or gender.

38. Therefore, Defendant's conduct is in violation of multiple sections of Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE §§ 21.051(1)-(2).

E.  COUNT NO. 5: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

39. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

40. Plaintiff complained to Forward Air regarding the discrimination he suffered while working for the company. Not only did Defendant fail to address the issue by not conducting an investigation, but retaliated against and ultimately terminated Plaintiff. Meanwhile, none of the employees, including Plaintiff's coworkers, supervisors, or managers, were terminated.

F.  COUNT NO. 6: DISCRIMINATION AND RETALIATION UNDER TEXAS LAW

41. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

42. Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). Plaintiff was discriminated against, retaliated against for complaining about the discrimination, and ultimately terminated due to his race and

gender. Moreover, the actions of a manager and individuals at Defendant's corporate office subsequent to Plaintiff's complaint of discriminatory conduct at Forward Air constitutes aiding and abetting discriminatory practices, policies, and the actions of Plaintiff's manager. Therefore, Defendant's conduct is also in violation of multiple sections of Chapter 21 of the Texas Labor Code. See Tex. Lab. Code §§ 21.051(1), 21.055(1), (3), 21.056.

## VI.   DAMAGES

43.   Due to the race and sex discrimination Plaintiff suffered at the hands of Defendant, Plaintiff has suffered actual damages. Specifically, since being terminated by Defendant, Plaintiff has found new employment, but he is being paid less in comparison and his economic damages continue to accrue.

44.   Defendant's actions demonstrate that during Plaintiff's employment, the company had a perverse culture of involving discrimination with malice or with reckless indifference to Plaintiff's protected rights and are in violation of Title VII of the Civil Rights Act, the Equal Pay Act of 1963, and Discrimination under Texas law.

45.   In addition, Plaintiff avers that Defendant's unlawful discrimination justifies an award of compensatory and punitive damages.

46.   Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

47.   Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated

against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the results of Defendant's discriminatory practices, and they will continue unless and until this Court grants relief.

## VII.　　JURY REQUEST

48.　　Plaintiff requests a trial by jury.

## VIII.　　PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

- a)　　For actual damages;
- b)　　For economic damages;
- c)　　Back pay to compensate Plaintiff for loss of income and/or employment related benefits resulting from the discriminatory actions of Defendant;
- d)　　Compensatory damages for severe mental anguish in the past and future, injury to his reputation, for adverse effects on his career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;
- e)　　For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;
- f)　　An award of reasonable attorneys' fees and the cost and expenses related to

      the litigation of this claim;

g)      Pre-judgment interest at the highest rate allowed by law;

h)      Post-judgment interest at the highest rate allowed by law; and

i)      For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*/s/ Bridget Davidson*

Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF